IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00682-MR

| | |
|---|---|
| TRACEY TERRELL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EDDIE CATHEY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Legally Amend … [and] Consolidate…." [Doc. 9].

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983[1] addressing incidents that allegedly occurred at the Union County Jail ("UCJ") where he is a pretrial detainee on charges including second-degree kidnapping and forcible rape.[2] [Doc. 1]. The Plaintiff names as Defendants: Eddie Cathey, the Union County Sheriff; FNU Rogers, a captain at UCJ; FNU Dennis, a lieutenant at UCJ; K. Martin, a housing classification corporal at

---

[1] The Plaintiff also purports to bring this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), but he has not named any federal actors as Defendants.

[2] See http://sheriff.co.union.nc.us/InmateDetail.aspx?navid=637630033007223750 (last accessed July 27, 2021).

UCJ; and FNU Younths and FNU Hodgeson, officers at UCJ. The Complaint is largely duplicative of another § 1983 action that is presently pending before the Court, Grady v. Rogers, Civil Case No. 3:20-cv-00601-MR.

The Plaintiff filed the instant Motion in this case as well as in Civil Case No. 3:20-cv-000601-MR. The Plaintiff claims to have mistakenly mailed the same complaint twice, resulting in two cases.[3] He asks the Court to consolidate the cases, allow him to amend, and proceed with "just one Complaint...." [Doc. 9 at 1].

Rule 41(a)(1) provides for voluntary dismissal where defendants have not answered or filed dispositive motions or upon the parties' stipulation. Under Rule 41(a)(1)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). The dismissal is without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). "A voluntary dismissal under Rule 41(a)(1)(i) 'is available as a matter of unconditional right and is self-executing, *i.e.*, it is effective at the moment the notice is filed with the clerk and no judicial approval is required.'" In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (quoting Marex Titanic, Inc.

---

[3] The Complaint in the instant case and in Civil Case No. 3:20-cv-000601 are not identical.

2

Case 3:20-cv-00682-MR   Document 10   Filed 07/28/21   Page 2 of 3

<u>v. The Wrecked & Abandoned Vessel</u>, 2 F.3d 544, 546 (4th Cir. 1993) (citations omitted)).

Although the Plaintiff asks the Court to consolidate this action with Civil Case No. 3:20-cv-00601-MR, it is liberally construed as a Notice of Voluntary Dismissal.[4] The Plaintiff is notified that the Court will dismiss this action without prejudice and close it without further notice unless the Plaintiff files written objections within fourteen (14) days of this Order.

**IT IS THEREFORE ORDERED** that the "Motion to Legally Amend … [and] Consolidate…." [Doc. 9] is construed as a Notice of Voluntary Dismissal. The Plaintiff may file written objections within **fourteen (14) days** of this Order if he did not intend to voluntarily dismiss this case. Should Plaintiff fail to timely object, this action will be dismissed without prejudice and closed without further notice.

**IT IS SO ORDERED**. Signed: July 28, 2021

Martin Reidinger
Chief United States District Judge

---

[4] The Motion has been construed as a Motion to Amend in the first-filed case, Civil Case No. 3:20-cv-00601-MR.